NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1113

LESLIE A. DOUGHTY

vs.

OPERATIONAL SERVICES DIVISION.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Nearly a year after the plaintiff's complaint was dismissed for want of prosecution, the plaintiff moved to remove the judgment of dismissal.  A judge of the Superior Court denied the motion, and the plaintiff appealed.  We affirm the order denying the motion to remove.

The complaint in the present case was filed in the Superior Court on June 7, 2019.  The plaintiff never filed a return of service nor took action of any sort after filing a motion to extend the discovery deadline in December 2019.  A little more than two years after the filing of the complaint, on June 18, 2021, the court issued a "notice of status review of the docket," requiring the plaintiff to "report the status of the action."  An order entered on July 1, 2021, stating that "[c]ounsel is to respond to the NOTICE OF STATUS REVIEW by July

18, 2021 or the complaint will be automatically DISMISSED." On July 28, 2021, judgment entered dismissing the case. On June 8, 2022, nearly a year later, the plaintiff filed a motion seeking to "remove" the judgment of dismissal.[1] After a hearing on July 18, 2022, a judge of the Superior Court denied the motion, and this appeal followed.

In the memorandum filed in support of the motion to remove the judgment of dismissal, and in her brief on appeal, the plaintiff described the claim of injury on which her complaint was based. Nowhere in her argument, however, does the plaintiff offer any explanation for her failure to effect timely service of her complaint, or otherwise attempt to demonstrate good cause (or excusable neglect) to excuse the failure. See Mass. R. Civ. P. 4 (j), as appearing in 402 Mass. 1401 (1988); Mass. R. Civ. P. 60 (b) (1), 365 Mass. 828 (1974). Nor does the record reflect any attempt by the plaintiff, even now, to effect service of the complaint. We discern no error of law or abuse

---

[1] The motion does not cite any rule supporting the request. We construe it to have been advanced pursuant to Mass. R. Civ. P. 60 (b) (1), 365 Mass. 828 (1974), which authorizes relief from judgment based, among other things, on a showing of excusable neglect.

of discretion by the motion judge in denial of the plaintiff's motion.

> Order dated July 20, 2022, denying motion to remove judgment of dismissal, affirmed.
>
> By the Court (Green, C.J., Ditkoff & Hodgens, JJ.[2]),
>
> *Joseph F. Stanton*
>
> Clerk

Entered:  August 21, 2023.

---

[2] The panelists are listed in order of seniority.